IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

SAMMY V. HOUSTON,                §
(TDCJ-ID # 356172,SID# 2958615   §
Prior TDCJ #'s 967992 & 1155815) §
                                 §
VS.                              §   CIVIL ACTION NO.4:04-CV-888-Y
                                 §
VEDA BARFIELD,                   §
KFC General Manager, et al.      §

**ORDER FINDING THAT PLAINTIFF IS BARRED FROM PROCEEDING
IN FORMA PAUPERIS UNDER 28 U.S.C. § 1915(g) AND,
ORDER OF DISMISSAL WITH PREJUDICE TO REFILING IN FORMA PAUPERIS**

This case is before the Court for review of pro-se inmate plaintiff Sammy V. Houston's form complaint under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). The Court, noting that it appeared Houston had failed to acknowledge prior suits dismissed as frivolous or for failure to state a claim upon which relief may be granted, directed Houston to either pay the remaining balance of the applicable filing fee or show cause why he should not be barred from proceeding in this action in forma pauperis under the provisions of 28 U.S.C. § 1915(g).[1] Although Houston has filed several "responses" to this Court's show-cause-order, he did not pay the full filing fee, and has not listed those cases that were dismissed as frivolous or for failure to state a claim, contending instead that he does not have copies of his prior cases and that he cannot adequately remember such cases.

---

[1] As a result of the Prison Litigation Reform Act (PLRA) amendments to 28 U.S.C. 1915, section 1915(g) now provides that a prisoner may not proceed in forma pauperis if, on three or more occasions, the prisoner had a case dismissed as frivolous, malicious, or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C.A. § 1915(g)(West Supp. 2003).

A review of Court records, however, shows that Houston has had several cases dismissed as either frivolous or for failure to state a claim upon which relief may be granted, including: *Houston v. Belt, et al.,* No. 9:88-CV-086 (E.D.Tex. Order of Dismissal and Judgment filed July 2, 1991); *Houston v. Hughes,* Misc. No. 4:92-005-E (N.D.Tex. Order filed March 12, 1992); *Houston v. Hueszel, et al.,* No. 9:95-CV-436 (E.D.Tex. Memorandum Opinion and Order and Judgment filed February 10, 1998); and *Houston v. Keith, et al.,* No. 4:02-CV-068 (N.D.Tex. Order and Judgment filed May 23, 2002). Copies of the dockets of these cases are attached hereto. In this case, Houston has not set forth grounds for leave to file in compliance with 28 U.S.C. § 1915(g). Thus, the undersigned finds that Plaintiff's motion to proceed in forma pauperis in this action was improvidently granted and must be vacated,[2] and that this case must be dismissed as barred by the provisions of 28 U.S.C. 1915(g).

It is therefore ORDERED that Sammy V. Houston, TDCJ NO. 356172, be, and is hereby, barred from proceeding in forma pauperis under 28 U.S.C. § 1915, except for cases involving an imminent danger of serious physical injury.

It is further ORDERED that Sammy V. Houston's claims in the above-styled and numbered action be, and they are hereby, DISMISSED WITH PREJUDICE to refiling in-forma-pauperis under 28 U.S.C. § 1915, et seq.

SIGNED June 15, 2005.

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[2]A separate order will issue this day to vacate the PLRA order.